```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
IGOR DESYATNIKOV,                                                 :
                                                                  :
                              Plaintiff,                          :
                                                                  :        **MEMORANDUM AND ORDER**
                     -against-                                    :
                                                                  :        10-CV-1870(DLI)(VVP)
CREDIT SUISSE GROUP, INC. and                                     :
CLARIDEN LEU BANK, n/k/a CLARIDEN LEU,                            :
                                                                  :
                              Defendants.                         :
                                                                  :
----------------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Igor Desyatnikov filed the instant action against defendants Credit Suisse Group, Inc. ("Credit Suisse") and Clariden Leu Bank, n/k/a, Clariden Leu ("Clariden Leu"), asserting violations of federal securities laws as well as claims under New York law, arising out of the purchase of a foreign security. (*See* Complaint, Doc. Entry No. 1.) Credit Suisse moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1367(c)(3). (*See* Memorandum of Law in Support of Credit Suisse Motion to Dismiss ("Credit Suisse Mem."), Doc. Entry No. 11.) Clariden Leu moves to dismiss, pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, as well as the doctrine of *forum non conveniens*, and 28 U.S.C. § 1367(c)(3). (*See* Memorandum of Law in Support of Clariden Leu Motion to Dismiss ("Clariden Leu Mem."), Doc. Entry No. 15.) Plaintiff opposes both motions. (*See* Plaintiff's Combined Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Pl. Opp."), Doc. Entry No. 22.) For the reasons set forth below, defendants' motions to dismiss are granted.

**BACKGROUND**

Plaintiff is a dual citizen of the United States and Russia. In 2006, plaintiff opened an investment account with Clariden Leu's Singapore branch office. Clariden Leu is an investment bank incorporated in Switzerland. Its parent company is Credit Suisse, a company which also is incorporated in Switzerland. Plaintiff alleges that his agent at Clariden Leu purchased a security that he had specifically prohibited the agent from purchasing, without his prior knowledge or consent. Plaintiff alleges various violations of federal securities law and New York state law arising out of this transaction.

**DISCUSSION**

**I. Legal Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F. 3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in

bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F. 3d 69, 72 (2d Cir. 1995).

## II. Credit Suisse's Motion to Dismiss

"It is well settled that where the complaint names a defendant in the caption but contains no allegations in the complaint indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Jackson v. Cnty. of Nassau*, 2009 WL 393640, at *3 (E.D.N.Y. Feb. 13, 2009) (dismissing claims against two defendants as the complaint did not contain any allegations of wrong doing by those defendants) (internal citations and quotations omitted). Moreover, a parent corporation is not liable for the acts of its subsidiary. *See, e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."). To circumvent this principle and hold a corporate parent liable, the plaintiff must pierce the corporate veil by setting forth allegations showing "actual domination by the corporate parent over the corporate subsidiary, rather than mere ownership." *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 515 (S.D.N.Y. 2004) (*citing De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69-70 (2d Cir. 1996)).

The allegations against Credit Suisse are insufficient as a matter of law. The complaint does not contain allegations of wrong doing attributed to Credit Suisse; rather, the complaint focuses on Clariden Leu and its agent. The only link that the complaint asserts is that Credit Suisse is the parent company to Clariden Leu, which is insufficient to hold Credit Suisse liable.

3

Contrary to plaintiff's contention, it is not premature to dismiss Credit Suisse at this stage of the litigation. Permitting plaintiff discovery on the relationship between Credit Suisse and Clariden Leu would be permitting a "fishing expedition," which this Court declines to allow. Accordingly, the Court grants Credit Suisse's motion to dismiss for failure to state a claim with prejudice. As set forth below, amendment of the complaint against Credit Suisse would be futile, and, thus, the Court declines to allow plaintiff to amend the complaint in that regard.

## III. Clariden Leu's Motion to Dismiss

"A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction upon motion by that defendant." *TAGC Mgt., LLC v. Lehman*, 2011 WL 3796350, at *3 (S.D.N.Y. Aug. 24, 2011) (internal quotations omitted). "A plaintiff opposing a motion to dismiss a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) bears the burden of establishing that the court has jurisdiction over the defendant." *Id*. (internal quotations omitted). When, as here, "a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F. 3d 81, 84 (2d Cir. 2001). "Although a plaintiff's allegations are ordinarily accepted as true at the pleadings stage, on a motion to dismiss for lack of jurisdiction, where [a] 'defendant rebuts [a] plaintiff['s] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and plaintiff[] do[es] not counter that evidence—the allegation may be deemed refuted." *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006) (*quoting Schenker v. Assicurazioni Genereali S.p.A., Consol.*, 2002 WL 1560788, at *3 (S.D.N.Y. July 15, 2002)).

Turning to the instant action, plaintiff has failed to make a *prima facie* showing that the Court possesses personal jurisdiction over Clariden Leu. Plaintiff pleaded personal jurisdiction "upon information or belief." (Compl. ¶¶ 2-3, 5.) Clariden Leu moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). In support of its motion, Clariden Leu provided a detailed declaration from its in-house counsel, indicating why the exercise of jurisdiction over Clariden Leu would be improper. (*See* Declaration of Niklaus Boser ("Boser Decl."), Doc. Entry No. 16, ¶¶ 5-19.) In opposition, plaintiff submitted what is purported to be the "Affidavit of Igor Desyatnikov." (*See* Affidavit of Igor Desyatnikov ("Desyatnikov Aff."), Doc. Entry No. 23.) However, plaintiff's purported affidavit is insufficient as a matter of law as plaintiff's agent, rather than plaintiff, signed the affidavit attesting to its veracity (*id*. at 3), and only an affiant himself can attest to the veracity of facts based on personal knowledge. *See Reboul, MacMurray, Hewitt, Maynard & Kristol v. Quasha*, 90 A.D. 2d 466 (1st Dep't 1982) ("An affidavit purported to be that of one person, but signed and sworn to by another, is a nullity." (citations omitted)); *cf. Jimenez v. Mobil Oil Co. de Venezuela, S.A.*, 1991 WL 64186, at *3 (S.D.N.Y Apr. 18 1991) (granting 12(b)(2) motion to dismiss where affidavit submitted in opposition to defendant's motion was sworn to and signed by the plaintiff's attorney and, thus, not based on personal knowledge).

By contrast, Clariden Leu has presented sufficient credible evidence to support the Court's finding that the exercise of jurisdiction over Clariden Leu would be improper. Clariden Leu is incorporated in Switzerland with its headquarters in Zurich. (Boser Decl. ¶ 5.) Clariden Leu does not have an office, place of business, postal address or telephone listing in the United States. (*Id*. ¶ 7.) Clariden Leu does not manufacture or distribute products in the United States, is not registered to do business in the United States, and has no employees in the United States. (*Id*. ¶¶

8-10.) Plaintiff opened an account with Clariden Leu's Singapore branch office. (*Id*. ¶ 11.) At that time, plaintiff certified that he was not a resident of the United States and was not liable to taxation in the United States. (*Id*. ¶ 12.) Furthermore, he certified that he was domiciled in Russia and submitted a Russian passport and an electric bill for a residence in Moscow. (*Id*. ¶ 13.) Plaintiff communicated to his agent at Clariden Leu via Russian telephone and fax numbers. (*Id*. ¶ 18.) In consideration of these undisputed facts, it would be improper for this Court to exercise jurisdiction over Clariden Leu. Moreover, even if plaintiff was able to demonstrate that the Court can exercise jurisdiction over Clariden Leu, there are other considerations that make litigation of plaintiff's complaint in this Court inappropriate. Accordingly, plaintiff's complaint is dismissed with prejudice against Clariden Leu.

## IV. Defendants' Remaining Grounds for Dismissal

### A. Forum Selection Clause and Forum non Conveniens

In addition to lack of personal jurisdiction, defendants challenge the selection of this forum for litigation of this action on the grounds that: (1) a forum selection clause contained in the asset management agreement between the parties requires litigation of all disputes in Singapore; and (2) the doctrine of *forum non conveniens* counsels against litigation in this Court. These defenses are addressed only briefly as there are several other grounds for dismissal set forth elsewhere in this Memorandum and Order. First, defendants are entitled to dismissal of this action because the forum selection clause contained in the asset management agreement is valid and enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991) (holding that forum selection clauses are enforceable in standard-form contracts provided the clauses are "reasonable" and survive "judicial scrutiny for fundamental fairness"). The Court has reviewed the forum selection clause and concludes that it was plainly written, provides for mandatory and

exclusive jurisdiction in Singapore, and the claims asserted arise out of the asset management agreement. *See Anwar v. Fairfield Greenwich Ltd.*, 2010 WL 3910197, at 2 (S.D.N.Y. Sept. 14, 2010) (dismissing plaintiff's claims as the forum selection clause at issue was valid and provided for exclusive and mandatory jurisdiction in Singapore). Plaintiff, a sophisticated international entrepreneur, has not provided any evidence of fraud or overreaching by Clariden Leu. Accordingly, the Court concludes that plaintiff should have filed this action in Singapore and the forum selection clause in the asset management agreement, to which plaintiff willingly assented, prevents litigation of this action in this Court.

Second, the circumstances of this case justify dismissal under the doctrine of *forum non conveniens*. "The doctrine of *forum non conveniens* allows a district court to dismiss a case where the preferred venue is a foreign tribunal." *Overseas Media, Inc. v. Skvortsov*, 441 F. Supp. 2d 610, 615 (S.D.N.Y. 2006). Courts evaluate dismissal on this ground by employing a three-part analysis:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus. Inc.*, 416 F. 3d 146, 153 (2d Cir. 2005). Here, the defendants are foreign entities and all of the acts complained of by plaintiff occurred outside of the United States. Plaintiff agreed to subject himself to the jurisdiction of Singapore, as discussed immediately above, and represented to Clariden Leu that he had no contact with or interest in the United States. The Court has reviewed the submissions of the parties, and in weighing the factors set forth above, has concluded that dismissal is appropriate under the doctrine of *forum non conveniens*.

### B. Plaintiff's Section 5 Claim

Plaintiff's first cause of action is asserted under Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e. (Compl. ¶¶ 30-32.) Defendants seek dismissal of this claim, contending that it is time-barred. Plaintiff does not dispute this contention, nor could he. First, there is no private right of action under Section 5. *See ATO RAM, II, Ltd. v. SMC Multimedia Corp.*, 2004 WL 744792, at *5 n.5 (S.D.N.Y. Apr. 7, 2004). Nonetheless, even if the Court construed plaintiff's first cause of action as asserting a claim under Section 12(a)(1) of the Securities Act, plaintiff's claim would be subject to the one-year statute of limitations under Section 13 of the Securities Act. *See* 15 U.S.C. § 77m (providing that "if the action is to enforce a liability created under [Section 12(a)(1)] of this title, [it must be] brought within one year after the violation upon which it is based"); *see also Nolfi v. Ohio Ky. Oil Corp.*, 562 F. Supp. 2d 904, 909 (N.D. Ohio 2008) (granting summary judgment in defendant's favor on plaintiff's Section 12(a)(1) claim as the claim was barred by the one-year statute of limitations). In the instant action, plaintiff filed the complaint nearly two years after purchasing the security at issue. Accordingly, plaintiff's first cause of action is thus, time-barred, and is dismissed with prejudice.

### C. Plaintiff's Section 10(b)/Rule 10b-5 Claim

A complaint alleging securities fraud under Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), is subject to two heightened pleading standards. First, the complaint must satisfy Rule 9(b) of the Federal Rules of Civil Procedure, which requires that the complaint "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b); *see also ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F. 3d 87, 99 (2d Cir.). Second, the complaint must meet the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b), which "insists that securities fraud complaints 'specify' each misleading

statement; that they set forth the facts 'on which [a] belief' that a statement is misleading was 'formed'; and that they 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting 15 U.S.C. §§ 78u-4(b)(1), (2)).

Section 10(b) of the Securities Exchange Act of 1934 makes it illegal "[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance . . . ." 15 U.S.C. § 78j(b). Rule 10b-5, promulgated thereunder, makes it unlawful for "any person, directly or indirectly . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5. To state a claim for relief under § 10(b) and Rule 10b-5, a plaintiff "must plead six elements: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Heller v. Goldin Restructuring Fund, L.P.*, 590 F. Supp. 2d 603, 613 (S.D.N.Y. 2008).

A plaintiff may bring a claim under § 10(b) and Rule 10b-5 based on either affirmative misstatements or omissions of material facts. "A securities fraud complaint based on misstatements must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI Commc'ns*, 493 F.3d at 99 (citing *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)). A claim based on omissions must allege that "the corporation is subject to a duty to disclose the omitted facts." *In re Optionable Sec. Litig.*, 577 F. Supp. 2d 681, 692 (S.D.N.Y. 2008) (quoting *In re Time Warner Inc. Sec. Litig.*, 9 F. 3d 259, 267 (2d Cir. 1993)).

9

Additionally, the alleged misstatements or omissions must have been material. "At the pleading stage, a plaintiff satisfies the materiality requirement of Rule 10b-5 by alleging a statement or omission that a reasonable investor would have considered significant in making investment decisions." *Ganino v. Citizens Utils. Co.*, 228 F. 3d 154, 161 (2d Cir. 2000). "Because materiality is a mixed question of law and fact, in the context of a Rule 12(b)(6) motion, a complaint may not properly be dismissed . . . on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F. 3d 187, 197 (2d Cir. 2009) (internal quotation marks omitted).

Scienter is "a mental state embracing intent to deceive, manipulate, or defraud." *S. Cherry St., LLC v. Hennessee Grp., LLC*, 573 F. 3d 98, 108 (2d Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 318 (2007)) (internal quotation marks omitted). A plaintiff may establish an inference of scienter in a claim filed under Section 10(b) or Rule 10b-5 by "alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns*, 493 F. 3d at 99. To allege "motive and opportunity" to defraud, a complaint must allege facts showing that the defendants "benefitted in some concrete and personal way from the purported fraud." *Novak*, 216 F. 3d at 307-08.

"Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Kalnit v. Eichler*, 264 F. 3d 131, 142 (2d Cir. 2001) (internal quotation marks omitted). "Intentional misconduct is easily identified

since it encompasses deliberate illegal behavior." *Novak*, 216 F. 3d at 308. "Strong circumstantial evidence of reckless conduct also gives rise to an inference of scienter, so long as the complaint alleges 'conduct which is highly unreasonable and which represents and extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *In re General Electric Co. Sec. Litig.*, ___ F. Supp. 2d ___, 2012 WL 90191, *25 (S.D.N.Y. Jan. 11, 2012) (quoting *Kalnit*, 264 F. 3d at 142). "[S]ecurities fraud claims typically have sufficed to state a claim based on recklessness when they have specifically alleged defendants' knowledge of facts or access to information contracting their public statements." *Kalnit*, 264 F. 3d at 142.

Under the heightened pleading requirements of the PLSRA, plaintiffs must "state with particularity the facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, the Supreme Court instructed courts to engage in a three-step analysis when evaluating scienter:

> *First* . . ., courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true . . . . *Second*, courts must consider the complaint in its entirety, as well as sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion to dismiss . . . . The inquiry . . . is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets this standard . . . . *Third*, in determining whether the pleaded facts give rise to a "strong" inference of scienter, the court must take into account plausible opposing inferences . . . . The strength of an inference cannot be decided in a vacuum. The inquiry is inherently comparative: How likely is it that one conclusion, as compared with others, follows from the underlying facts?

*Tellabs*, 551 U.S. at 322-23 (emphases in original).

In the instant action, plaintiff failed to satisfy the heightened pleading standards for asserting Section 10(b)/Rule 10b-5 claims against defendants. First, the only allegation against

11

Credit Suisse is that it is the parent corporation to Clariden Leu. The complaint is void of any allegations of fraudulent statements or material omissions made by Credit Suisse or that it was aware of any such statements or omissions. Second, with respect to scienter, the lumping of allegations against "defendants" does not meet the particularity requirements for pleading scienter as set forth under Rule 9(b) of the Federal Rules of Civil Procedure or the PSLRA. Additionally, conclusory allegations against Clariden Leu, such as the allegation that Clariden Leu "knowingly and recklessly traded in Mr. Desyatnikov's account," fail to meet the factual specificity required under both Rule 9(b) and the PSLRA. *See South Cherry St., LLC v. Hennessee Group LLC*, 573 F. 3d 98, 112-13 (2d Cir. 2009) (affirming dismissal of a Section 10(b)/Rule 10b-5 claim for failure to plead scienter with the requisite specificity and explaining the difference between conclusory allegations of scienter and specific factual allegations). Accordingly, plaintiff's second cause of action is dismissed with prejudice.

### D. Plaintiff's Section 17(a) Claim

Plaintiff's third cause of action is asserted under Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(1). Defendants seek dismissal of this claim, contending that no private right of action is permitted under Section 17(a). Plaintiff does not dispute this contention, nor could he. *See Finkel v. Stratton Corp.*, 962 F. 2d 169, 174-75 (concluding that no private right of action exists under Section 17(a)). Accordingly, the third cause of action is dismissed with prejudice.

### E. Plaintiff's Claims Arising under New York Law

Plaintiff's remaining causes of action assert various violations of New York state law. This case involves foreign parties and a dispute arising out of the purchase of a foreign security. All of the federal securities claims have been dismissed with prejudice. The Court, in its

discretion, declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, plaintiff's state law claims are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are GRANTED in their entirety.

SO ORDERED.

Dated: Brooklyn, New York
       March 26, 2012

                                             /s/
                                 DORA L. IRIZARRY
                              United States District Judge